# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **AMANDA DUNBAR**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 15 C 1549 |
| | ) |
| **CAROLYN W. COLVIN**, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

In this social security action by Amanda Dunbar ("Dunbar") against Acting Commissioner of Social Security Carolyn Colvin (the "Commissioner"), Dunbar has advanced a motion for summary judgment seeking alternatively (1) an award of benefits on the ground that the decision of the administrative law judge ("ALJ") was assertedly unsupported by substantial evidence and hence was contrary to law or (2) a remand of the case to the Commissioner for further evaluation and consideration. Because it is indeed clear that the ALJ's determination (which ultimately became the Commissioner's final decision) was flawed in a number of respects, counsel for the Commissioner has candidly acknowledged the need for a remand but contends "that an award of benefits is not appropriate because all factual issues have not been resolved in this case and the record does not support only one conclusion" (Dkt. No. 28, which is captioned "Defendant's Brief in Support of Motion for Reversal With Remand for Further Administrative Proceedings" and is referred to here simply as the "Commissioner's Brief"). Dunbar's counsel has responded by agreeing that judgment should be entered reversing the Commissioner's final decision but has continued to assert that the proper remedy ought to include a direction by this Court for an award of benefits even while the issues are being dealt with on remand.

This Court is scarcely in a position to rule on the merits of the case as a matter of law, and conceptually such a ruling would necessarily constitute a precondition to ordering an award of benefits currently -- a principle exemplified by such cases as Allord v. Astrue, 631 F.3d 411, 415-18 (7th Cir. 2011) and cases cited there.  Accordingly the Commissioner's motion for a reversal with a remand for further administrative proceedings is appropriate and is granted (a ruling that calls for the denial of Dunbar's motion for summary judgment (Dkt. No. 15) and for the denial on mootness grounds of the Commissioner's motion for an extension of time to respond to that motion (Dkt. No. 23).  Two things should be added, however:

1. This Court accepts, and views as binding on the Commissioner, her several concessions set out at page 2 of the Commissioner's Brief.  Those concessions shall partially control the proceedings on remand.

2. In particular, this Court expects the Commissioner to assign the case on remand to a different ALJ, as stated at the same page 2 of the Commissioner's Brief:

> The Commissioner asks the Court to remand the case for further proceedings to give a different ALJ the opportunity to give further consideration to claimant's mental impairments and resulting limitations; further evaluate all opinions of record; further consider Plaintiff's subjective complaints; re-assess Plaintiff's residual functional capacity; and obtain supplemental vocational expert testimony to clarify the effect of the assessed limitations on the occupational basis.

_____
Milton I. Shadur
Senior United States District Judge

Date:  October 19, 2015